{¶ 30} I concur with the majority's decision to remand this matter to the trial court but write separately to raise an additional issue I believe the court should address on remand In his first and second assignments of error, defendant challenged the trial court's imposition of the maximum, consecutive sentence as being contrary to law. See R.C. 2953.08(G). During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington (June 24, 2004), No. 02-1632, 72 U.S.L.W. 4546.
 {¶ 31} On August 31, 2004, defendant filed a notice of additional authority requesting us to consider Blakely in resolving the sentencing issues he raised in this appeal. InBlakely, the U.S. Supreme Court held that:
 {¶ 32} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 33} In this case, the court could only impose maximum and consecutive sentences by making judicial factual findings on the record that were neither determined by a jury nor stipulated to by the defendant. See R.C. 2929.14(C) and R.C. 2929.14(E)(4). Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury. Therefore, I concur with the decision to remand this matter not only for the reasons stated by the majority, but also to have the court consider the application of Blakely to defendant's sentence.